UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IRENE ACUNA, | ) | CASE NO. CV 04-08877 (RZ) |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner should be remanded.

///

///

Plaintiff challenges the denial of benefits for two reasons, but the Court need address only the first, namely the Administrative Law Judge's failure to explain why she preferred evidence favoring Defendant over a report favoring Plaintiff. The Administrative Law Judge concluded that Plaintiff was not disabled by various physical and mental impairments until February 9, 2001, but Plaintiff contends that she was disabled a decade earlier, starting on March 3, 1991. She points to a January 3, 1992 assessment by examining psychologist Roger Izzi, Ph.D., diagnosing her with an anxiety disorder and noting various slight and moderate impairments. [AR 238-42] At the administrative hearing, the vocational expert testified that no jobs existed for a claimant who possessed the impairments described by Dr. Izzi and who otherwise was similar to Plaintiff. [AR 120-25] Plaintiff asserts that the Administrative Law Judge was required to state specific reasons why she did not accept Dr. Izzi's opinion and instead apparently favored two other mental evaluations less supportive of disability.

Although the opinions of examining physicians are not entitled to as much weight as those of treating physicians, nevertheless an Administrative Law Judge may not simply choose from amongst several contending examining physicians' reports without explaining, with reasonable specificity, why some examiners' reports are more credible than others. *See Andrews v. Shalala,* 53 F.3d 1035, 1043 (9th Cir. 1995). Defendant does not dispute this rule, instead stressing that other reports in the record and the testimony of the vocational expert provide substantial information to support the non-disability finding. Such may be true (or may not be; the Court intimates no view on the merits), but the law requires the Administrative Law Judge to *explain why* the latter reports were more persuasive than the former. Defendant asserts that the Administrative Law Judge is "free to resolve [the] conflicting opinions [of examining sources] without comment" under *Sanchez v. Secretary of Health & Human Services*, 812 F.2d 509, 511 (9th Cir. 1987), but *Sanchez* does not bless such silence. An isolated sentence on the cited page – "The Secretary must explain why he has rejected uncontroverted medical evidence, but can resolve disputes in contradicted medical evidence" – could be read to suggest that

explanations *only* are required when the Administrative Law Judge rejects uncontroverted medical evidence. But *Sanchez* in turn cites *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984), which instead adheres to the familiar rule that an explanation *is* required when the Administrative Law Judge rejects "significant, probative" evidence tending to support disability. Defendant does not suggest that Dr. Izzi's report is not "significant, probative" evidence.

Here, the judge did not mention Dr. Izzi's report. She did incorporate by reference two prior Administrative Law Judges' opinions – for the case had twice before been remanded by the Appeals Council for reasons not relevant here – but neither of those opinions appears to contain the required explanation either [AR 36, 342-49 (1995 opinion after first remand), 295-307 (initial 1994 opinion)]; Defendant does not contend otherwise. This omission is particularly odd given the Appeals Council's express admonition, in remanding the matter after the initial 1994 opinion, that upon remand the judge "will . . . [g]ive further consideration to the examining source opinions and . . . provide good reasons for the weight given such opinion evidence." [AR 313] Dr. Izzi was one of only two examining sources pointed out by the Council. [AR 312-13]

Having determined to remand this matter based on Plaintiff's first critique, the Court need not and does not address her second, although the Administrative Law Judge to whom the case is remanded may wish to consider that critique.

*     *     *

For the foregoing reasons, the decision of the Commissioner is reversed and the matter is remanded for further proceedings consistent with this Memorandum Opinion And Order.

DATED: February __23__, 2006

                                                  */s/ Ralph Zarefsky*
                                                RALPH ZAREFSKY
                                         UNITED STATES MAGISTRATE JUDGE