O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE ACUNA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | CASE NO. CV 04-08877 (RZ)<br><br>ORDER ON PLAINTIFF'S COUNSEL'S MOTION FOR § 406(b) FEES |

       This matter came before the Court on August 18, 2008 on the application of Marc V. Kalagian, counsel for Plaintiff, to recover fees under 42 U.S.C. § 406(b). Mr. Kalagian appeared on his own behalf. The Commissioner did not appear. The motion was served on Plaintiff herself, but Plaintiff neither appeared nor filed any response.

       In the Court's view, Plaintiff's position does not follow the teachings of *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). The Court also does not find the survey information useful; as the Court has indicated in other cases, the reliability and utility of the information is questionable. In the Court's view, the correct application of *Gisbrecht* and the proper way to proceed in a § 406(b) application is that stated in this Court's opinion in *Black v. Astrue*, CV 02-09383 (RZ) (Order of February 5, 2008), a copy of which Defendant has attached to his memorandum here.

*Gisbrecht* teaches that the starting point of the Court's analysis is the *contract* between the parties. Does the *contract* provide for a reasonable fee? Applying the percentage in the contract to the past due benefits would yield a fee of $26, 650.50. In the Court's view, given the prosaic nature of this case, the work performed, and the kind of court recovery secured, this would not be a reasonable fee.

Nor does Plaintiff's counsel actually seek to enforce the contract; he does not seek the fee set by the contract. Instead, he seeks a different fee of $17,000 and, other than the fact that the contract establishes an attorney-client relationship, there is no apparent link between the contract and the fee which counsel seeks. *Gisbrecht* does not make clear how the Court is to proceed when Plaintiff seeks a fee that is not that provided for by the contract, that is, a fee that is not yielded by applying the contract percentage to the past due benefits. Nevertheless, the Court is obligated by statute to evaluate the reasonableness of any requested fee. The mere fact that counsel seeks a fee that is less than that yielded by the contract cannot make that fee reasonable; counsel bears the burden of demonstrating reasonableness, and reasonableness cannot be assumed from the request itself. Furthermore, the Court notes that the issues were not complex, and that the issue Plaintiff prevailed on in this Court was a common issue — preference of a treating physician's opinion — which required little original research or conceptualizing. (The basis of the Court's ruling was that the Administrative Law Judge had not explained why he did not accept the treating physician's views.) The Court also notes that Plaintiff secured a remand, not benefits, from this Court. As this Court has indicated in *Black*, the statute appears to contain a causation component; the fee relates to the past due benefits to which the claimant is entitled "by reason of such judgment." In this Court's view, this makes it appropriate, when determining the reasonableness of fees for court work, to consider the type of relief secured in the district court. When, as here, the Plaintiff secured a remand and not an award of benefits, the link between the ultimate relief and the work performed by the attorney is weaker.

*Gisbrecht* also instructs courts to look at the lawyer's rates as an effective check on the reasonableness of the fee which the contract would yield. Since Plaintiff's counsel does not seek the contract amount, it is difficult to apply this factor as well. But the only purpose of looking at the rates must be to compare the requested fees, in some sense at least, to a market rate. The purpose is not to spawn satellite litigation, but rather to have a check on the appropriateness of the fees. The effective rates here would be high in the market for lawyering in fields similar to this one — those in which parties seek to obtain government benefits, or seek payments for disability. Counsel's own declaration indicates that, for hourly work (which his firm does infrequently), counsel's rates are considerably lower.

The Court finds that a reasonable fee would be $12,860. This fee takes into account the contingency nature of the matter, the fact that Plaintiff prevailed here after briefing by both sides (as opposed to a stipulation for remand), the kind of recovery Plaintiff received in the Court, the fact that there is no evidence that the fee yielded by the contract would in fact be reasonable, and the nature of the lawsuit. This fee is roughly four times the fee which would be received calculated at EAJA rates, a not insignificant multiplier.

The Court previously awarded $3,200 in EAJA fees. In accordance with the statute, upon receipt of the § 406(b) fees, counsel shall reimburse Plaintiff the previously awarded EAJA fees.

IT IS SO ORDERED.

DATED: August 19, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-3-